IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Erin Jones, | ) |
| | ) |
| Plaintiff, | ) Case No.: |
| | ) |
| v. | ) Complaint for violation |
| | ) of Title VII |
| City of Chicago | ) |
| | ) **JURY DEMANDED** |
| Defendant. | ) |
| | ) |

NOW COMES, Plaintiff, Erin Jones, by and through her attorneys of record, ED FOX & ASSOCIATES, LTD., and files the following complaint.

## JURISDICTION AND VENUE

1. This is an action pursuant to the United States Constitution, and Title VII of the Civil Rights Act of 1964. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343.

2. Venue is founded in this judicial district upon 28 U.S.C. § 185(a) as this court has jurisdiction over the parties, and 28 U.S.C. § 1391 as the acts complained of arose in this district.

## PARTIES

3. Plaintiff is female, a Chicago Police Officer and a citizen of the United States of America.

4. Plaintiff resides within the jurisdiction of this Court. At all times relevant to this action, Plaintiff was working as an employee of the Defendant.

5. Plaintiff, as a citizen of the United States of America and Illinois, is entitled to all rights, privileges and immunities guaranteed to all citizens of the United States under the Constitution and Laws of the United States.

6. At all times herein mentioned Defendant, The City of Chicago ("City" or "Defendant") was and is believed and alleged hereon to be a municipal organization operating under the laws of the state of Illinois and is within the jurisdiction of this Court. The Chicago Police Department (CPD) is the law enforcement agency of the City of Chicago Illinois.

7. The City of Chicago operates the Chicago Police Department and is also an employer subject to suit under Title VII in that Defendant has 15 or more employees who worked for the employer for at least twenty calendar weeks in this year or last.

## FACTUAL ALLEGATIONS

8. Plaintiff has fully complied with the requirements of Title VII. She timely filed a charge with the EEOC and received a right to sue letter from the Department of Justice. Plaintiff has filed this complaint within 90 days of receiving her right to sue letter.

9. Plaintiff is a female who was employed by the City of Chicago as a police officer from in or around 2003 to the present.

10. At all material times, Plaintiff performed her job according to her employer's legitimate expectations, and satisfactorily performed the duties and responsibilities of her job.

11. Beginning in or about 2013, Plaintiff worked on details targeting narcotics enforcement. She is now a detective.

12. In or about February 2016, Plaintiff worked on a narcotics team, with approximately 7 other team members and a sergeant who was the supervisor of that team. Plaintiff was the only female on that team at the time of the events described below.

13. In or about June 2017, Bryan Topczewski was transferred to the team in which Plaintiff worked. He was the Sergeant and supervisor of that team .

14. Topczewski was hostile to females generally and discriminated against the Plaintiff specifically because she was a female.

15. Topczewski's hostility to females (and other minorities) was advertised by himself on his own facebook page.

16. Topczewski's facebook page used his own last name spelled backwards. He posted many misogynistic, racist, and anti-semitic posts. The posts about females expressed that he was a "woman hater," and displayed vulgar, sexist and humiliating themes.

17. After Topczewski was made Plaintiff's sergeant, he discriminated against and treated Plaintiff in a hostile fashion in different ways. These included having only the Plaintiff engage in undercover buys of narcotics (an assignment with additional risk) and none of the other 7 male team members did narcotics buys. Before Topczewski became Sergeant other team members shared in this assignment.

18. Other terms and conditions of employment that Topczewski used to discriminate against Plaintiff and not the other males on the team were to: (1) take measures that increased the danger of Plaintiff's work while on the team; (2) gave Plaintiff a heavier workload than the male members of the team; (3) he made frequent hostile comments to Plaintiff, and to other male police officers about Plaintiff, that were false and disparaging to and about Plaintiff *because* she was female; and (4) he would not permit Plaintiff to ride in a car with another female because they were both females.

19. In or about early August 2017, as a result of the discriminatory treatment she was receiving, Plaintiff brought her concerns and complaints to Topczewski. He responded by rolling his eyes. When Plaintiff left the room, she heard Topczewski (while pointing at Plaintiff) tell another male police officer "that's why women don't belong on the job."

3

20. Topczewski's discriminatory and hostile treatment toward Plaintiff continued.

21. Shortly after Plaintiff complained to Topczewski, because her complaint had no positive effect, Plaintiff then complained to Lieutenant Mostek in the Chicago Police Department. She informed him of the discriminatory and hostile treatment that she was receiving at the hands of Topczewski. The only response she received at that time to her complaints was that "someone" had put Topczewski in her unit as Sergeant.

22. Topczewski's discriminatory and hostile treatment toward the Plaintiff continued.

23. In or about September, 2013, Plaintiff met with Commander Kimble to inform him of her ongoing safety concerns as well Topczewski's comments and treatment. Plaintiff also provided the Commander with a copy of the malicious sexist and otherwise discriminatory Facebook posts from Topczewski's Facebook page.

24. The very next day Kimble informed Plaintiff that she was being moved to another team. Plaintiff was replaced on her team by a male officer.

25. Kimble also told Plaintiff that she needed to take responsibility for the situation.

26. A CPD complaint was lodged, on Plaintiff's behalf, against Topczewski for his comments and actions on or about September 14, 2017. Plaintiff is informed and believes that the complaint against Topczewski was merely a façade done for the appearance of being appropriate. Plaintiff is also informed and believes that no meaningful investigation of Topczewski's conduct was ever done and that he received no meaningful discipline as a result of his actions.

27. One day after the complaint against Topczewski was lodged, Topczewski then retaliated against the Plaintiff and caused a complaint to be lodged against Plaintiff. This was purportedly for a group text that Plaintiff was a part of with other members of her team. None of

the other male members of the team who were on the group text had complaints lodged against them.

28. Plaintiff filed her EEOC charge in January, 2018. Shortly after she filed it, and solely because she filed it, on January 22, 2018, the CPD lodged another complaint regarding the sexual harassment, as they had obtained a copy of the EEOC charge.

29. In fact, retaliation against Plaintiff then continued. Plaintiff was summoned to the Chicago Police Department to give a statement about Topczewski regarding the complaint that was caused to be lodged against him because of the EEOC filling (and/or the initial complaint that was lodged on Plaintiff's behalf). However, the questioning of Plaintiff about her EEOC complaint (which was the basis for the complaint subsequently initiated by the CPD), primarily focused on Topczewski's complaint against the Plaintiff. The investigator did not focus on the allegations against Topczewski which was the purported reason for Plaintiff being summoned to give a statement.

30. The baseless complaint against the Plaintiff remains on her record to this day.

31. At the time that Plaintiff was moved to a different team, she no longer was able to obtain overtime as she had when she was on her previous team under Topczewski because of a mission that the team was then doing that required overtime.

32. It is a common practice, procedure, and custom of the Chicago Police Department for its male supervisors (Sergeants and above) to sexually discriminate, harass, retaliate and cause there to be a hostile work environment against female subordinates.

33. Male superior officers rarely, if ever, receive any meaningful discipline for their acts related to sexual discrimination and retaliation, despite them being the subject of complaints.

34. As a result of the aforesaid acts of the Defendant, Plaintiff has lost income and benefits in an amount to be proven at the time of trial. Plaintiff claims such damages together with prejudgment interest as permitted by law.

35. As a result of the aforesaid acts of the Defendant, Plaintiff suffered and continues to suffer emotional distress in an amount to be proven at trial. Plaintiff claims such damages together with prejudgment interest as permitted by law.

36. The aforementioned acts of Defendant were reckless, willful, wanton, malicious, oppressive, and in callous disregard to and indifference to Plaintiff. Thus, Plaintiff requests the assessment of punitive damages against the Defendant in a sum as determined according to law and proof.

## COUNT I

### PLAINTIFF AGAINST DEFENDANT FOR DISCRIMINATION/HARASSMENT ON THE BASIS OF PLAINTIFF'S SEX IN VIOLATION OF TITLE VII

37. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty six (36) as though fully set forth at this place.

38. Plaintiff is a female employee of the Chicago Police Department.

39. Plaintiff was qualified for the job she held with the CPD and performed all job functions to the CPD's legitimate employment expectations.

40. Despite Plaintiff's qualifications and job performance, she was intentionally discriminated against and harassed by the City of Chicago because of her sex/gender.

41. The City of Chicago discriminated against Plaintiff in the terms and conditions of her employment, including the terms and conditions that related to her working conditions. This

discrimination included the harassment, the hostile work environment, and her removal from her team because of her sex/gender.

42. Defendant's actions, as described above, are in violation of Title VII in that the City of Chicago acted to discriminate against Plaintiff in the terms and conditions of her employment because of her sex.

43. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, has suffered the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted her future career with the Chicago Police Department, and disrupted her personal life, and caused the loss of enjoyment of the ordinary pleasures of life.

44. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to her in the within action so that she might vindicate the loss and impairment of her rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C., the Equal Access to Justice Act or any other provision set by law.

## COUNT II

**PLAINTIFF AGAINST DEFENDANTS FOR RETALIATION IN EMPLOYMENT IN VIOLATION OF TITLE VII**

45. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty six (36) as though fully set forth at this place.

46. As alleged above the Defendant retaliated against Plaintiff for engaging in a protected activity; that is, complaining about sexual harassment.

47. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, has suffered the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted her future career with the Chicago Police Department, and disrupted her personal life, and caused the loss of enjoyment of the ordinary pleasures of life.

48. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to her in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through her attorneys, Ed Fox & Associates, requests the following relief:

A. That Plaintiff be granted general and compensatory damages in an amount to be determined at trial;

B. That Plaintiff be granted special damages, including lost wages, in a sum to be ascertained;

C. That Plaintiff be granted punitive damages in an amount to be determined at trial;

D. That the Court grant to Plaintiff her reasonably incurred attorneys' fees, costs, litigation expenses, and pre-judgment interest; and

E. That the Court grant such other and further relief as the Court may deem just or equitable.

BY: s/ Edward M. Fox
Edward M. Fox
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efox-law.com


**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**


BY: s/ Edward M. Fox
Edward M. Fox
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efox-law.com